1895.) Action by Herman Bradshaw against Clement C. Moore. No opinion. Judgment modified so as to provide that defendant, his agents and servants are enjoined from taking possession of the property, etc., "except in accordance with the terms of the lease as determined by the court in its second finding," and, as so modified, affirmed, with costs. All concur.

In re BROOKLYN EL. R. CO. (Supreme Court, General Term, Second Department. June 14, 1895.) In the matter of the petition of the Brooklyn Elevated Railroad Company, relative to acquiring title to real estate or a right of way on Myrtle avenue, in the city of Brooklyn, parcel No. 198. No opinion. Order denying motion to dismiss appeal of plaintiffs from final order confirming report.

In re BROOKLYN TRUST CO. (Supreme Court, General Term, Second Department. June 14, 1895.) In the matter of the accounting of the Brooklyn Trust Company, as executor of John G. Kimm. No opinion. Order affirming order made by surrogate, without costs.

BROWN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, General Term, Third Department. July 6, 1895.) Action by Catharine J. Brown against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs and disbursements.

BROWN, Respondent, v. REMINGTON, Appellant. (Supreme Court, General Term, Fifth Department. January, 1895.) Action by M. Fillmore Brown against Harvey F. Remington. No opinion. Interlocutory judgment appealed from affirmed, with costs against the defendant Remington, with leave to him to answer within 20 days, on payment of the costs of the demurrer and of this appeal.

BROWN, Respondent, v. REMINGTON et al., Appellants. (Supreme Court, General Term, Fifth Department. January, 1895.) Action by M. Fillmore Brown against Harvey F. Remington and another. No opinion. Motion to dismiss appeal granted, with $10 costs against the defendant Remington.

BRYAN v. GRANT. (Supreme Court, General Term, Second Department. July 26, 1895.) On rehearing. Denied. For former opinion, see 33 N. Y. Supp. 957.

DYKMAN, J. There is a motion for a reargument in this case, but no sufficient reason appears in favor of the application, and the motion should be denied, with $10 costs and disbursements. All concur.

BRYAN v. GRANT. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Emma Bryan against Louis J. Grant. No opinion. Proposed order denying the proposed order is in accordance with the decree of the court, and is settled in accordance therewith. See preceding case.

BRYAN v. GRANT. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Emma Bryan against Louis J. Grant. No opinion. The proof and order is in accordance with the decree of the court, and is settled in accordance therewith. See two preceding cases.

BURKE, Respondent, v. TINDALE, Appellant. (City Court of New York, General Term. June 25, 1895.) Action by Harriet E. Burke against Terry J. Tindale. Hunter & Battle, for appellant. Eustis, Foster & Coleman, for respondent.

NEWBURGER, J. All the questions involved herein were passed upon by the court of common pleas in an action between the same parties, and reported in the New York Supplement (volume 33, p. 20, April 25th number). The judgment herein must therefore be affirmed, with costs.

BURNS, Respondent, v. CITY OF YONKERS, Appellant. (Supreme Court, General Term, Second Department. July 26, 1895.) Action by Mary E. Burns, by Edward McNichol, her guardian ad litem, against the City of Yonkers. James M. Hunt, for appellant. John C. Harrigan, for respondent.

PRATT, J. We do not find that the facts on the present trial vary in any important particular from those shown on the previous trial, discussed 83 Hun, 211, 31 N. Y. Supp. 757. That case determined that the plaintiff had a right to go to the jury on the question of defendant's negligence. The verdict establishes the liability of the city. It is entirely clear that the accident resulted from the absence of a fence between the traveled road and the declivity down which the plaintiff went. In the light of the event, it is easy to see that a fence should have been provided. We cannot say the jury are wrong in finding that the necessity of a fence should have been apparent before the accident. There were no errors in the admission of evidence, or in the charge, and the judgment must be affirmed, with costs.

BROWN, P. J. (concurring). This action was first tried at a circuit at which I presided, and the complaint was dismissed. Upon an appeal to a general term composed of Justices Dykman and Cullen, the judgment entered upon the order dismissing the complaint was reversed, and a new trial ordered. Upon the second trial the plaintiff recovered a judgment, from which the present appeal is taken. The court should adhere to its former decision, unless the facts are essentially different from what they were on the first trial. I do not think they differ to such an extent as to make inapplicable the rule applied in the opinion of Justice Cullen (83 Hun, 211, 31 N. Y. Supp. 757), and I therefore vote to affirm.

DYKMAN, J., dissents.

BURROWS, Appellant, v. McMURRAY et al., Respondents. (Supreme Court, General Term, Second Department. July 26, 1895.) Action by George W. Burrows against James McMurray and others. Oscar E. Langer, for appellant. Hirsh & Rasquin, for respondents.